■ GERARD GONZALEZ, Appellant, v DORIS DIAZ, Respondent. [739 NYS2d 359] —Order, Supreme Court, Bronx County (Kenneth Thompson, Jr., J.), entered April 25, 2001, which granted defendant's motion to set aside the verdict to the extent of setting aside the verdict on the issue of liability only unless plaintiff stipulated to an apportionment assigning him 40% and defendant 60% of the fault, instead of the 100% apportion-

ment the jury made against defendant, unanimously affirmed, without costs.

Plaintiff sustained an injury when, volunteering to help clean up after a barbeque at defendant's house by carrying a wooden bench from the patio towards the front of the house, he fell over the ledge of the patio and stepped into a "crack coming from the drain." Even if, as the jury apparently found, unsafe conditions on the property itself were exacerbated by dim lighting around the patio, plaintiff did admit that he had observed children trip over the crack several hours earlier, and indeed notified defendant of the hazard. Based on this admission, it is not clear how the jury could have assigned no fault to plaintiff whatsoever (cf., *Pellicane v Lambda Chi Alpha Fraternity*, 228 AD2d 569, 570). Concur—Andrias, J.P., Saxe, Rosenberger, Wallach and Buckley, JJ.